IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SERGEY DONSKOY,
Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
Defendant.

Case No. 25-cv-00032-CRB

**ORDER GRANTING MOTION TO DISMISS**

On May 17, 2021, the United States Citizenship and Immigration Services (USCIS) denied Plaintiff Sergey Donskoy's Form I-140 petition, in which Donskoy sought to be classified as an "alien with extraordinary ability." See Compl. (dkt. 1) ¶ 1; Exhibits to MTD (dkt. 13) Ex. 1 at 9–13.[1]

Donskoy challenged that decision by filing a case in this Court on June 22, 2021 under the Administrative Procedure Act (APA). See Exhibits to MTD Ex. 1 at 3–8.[2] This Court denied Donskoy's motion for summary judgment, and granted USCIS's motion for summary judgment, holding that "Donskoy has not demonstrated that USCIS's decision to deny his petition violated the APA." Exhibits to MTD Ex. 2 at 2. This Court dismissed Donskoy's complaint with prejudice, id. at 13, and entered judgment for USCIS, see Judgment (dkt. 34) in Case No. 21-4757.

[1] The Court takes judicial notice of the May 2021 decision as a document incorporated by reference in the complaint. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

[2] The Court takes judicial notice of the legal pleadings from Donskoy's earlier lawsuit. See Kuhn v. Three Bell Capital, 698 F. Supp. 3d 1119, 1123 (N.D. Cal. 2023).

United States District Court
Northern District of California

Donskoy then brought a new case challenging the same May 17, 2021 USCIS decision denying his Form I-140 petition. See Compl. ¶ 7. In the new case, he again argues that the USCIS decision violated the APA. Id. ¶ 8. USCIS now moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that, as Donskoy "realleges virtually identical APA claims in this complaint that challenges the same USCIS decision issued on May 17, 2021," the case is barred by issue preclusion and/or by claim preclusion. MTD (dkt. 11).[3] The Court considers this matter suitable for determination without oral argument, pursuant to Civil Local Rule 7-1(b).

## I. LEGAL STANDARD

Under Rule 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. The Court may base dismissal on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019) (cleaned up). A complaint must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (cleaned up). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a 12(b)(6) motion. Id. (citing Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)). When evaluating a motion to dismiss, the Court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in

[3] Donskoy subsequently filed a notice of appeal of the order relating the new case to the earlier case, and the order reassigning the new case to this judge. See Notice of Appeal (dkt. 26) (challenging dkts. 17, 19). On April 25, 2025, the Ninth Circuit dismissed that appeal, holding that the "orders challenged in the notice of appeal are not final or immediately appealable." Order of USCA (dkt. 32).

particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. Proc. 15(a)(2). A court may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008).

Courts must construe pro se pleadings liberally and hold such pleadings to a less stringent standard than those drafted by attorneys. Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Hughes v. Rowe, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se litigant's complaint] 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers . . . .'") (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). A court should dismiss a pro se complaint if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012).

## II. DISCUSSION

The only issue for the Court to decide in connection with this motion is whether Donskoy's current case is barred by claim preclusion.[4]

"Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised or could have been raised' in a prior action." Stewart v. United States Bancorp, 297 F.3d 953, 959 (9th Cir. 2002) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001)). "Res judicata applies when there is: '(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties.'" Id. All three are met here.

[4] The Court does not reach the issue of issue preclusion.

First, there is an identity of claims. The earlier case raised a single APA claim, arguing that USCIS had wrongly concluded in its May 17, 2021 decision that Donskoy was not eligible for the immigration relief he sought: classification as an alien with extraordinary ability. See Exhibits to MTD Ex. 1 (identifying six "aspects" of the USCIS decision that are allegedly unlawful under the APA). That is precisely the same claim raised in his current case. See Compl. (identifying four "aspects" of the USCIS decision that are allegedly unlawful under the APA). Some "aspects" in the two cases are identical, such as USCIS's treatment of Donskoy's Fulbright award. Compare id. ¶ 9 with Exhibits to MTD Ex. 2 at 8–9. Other "aspects" differ in insignificant ways. For example, Donskoy argues in this case that the USCIS decision failed to adjudicate "whether [Donskoy] has demonstrated a potential for extraordinary achievement in his chosen field or whether he will substantially benefit prospectively the United States." Compl. ¶ 11. But that argument is both similar to arguments Donskoy made in the earlier case, see Exhibits to MTD Ex. 1 ¶ 10 (arguing that USCIS "incorrectly interpreted the law and created a fallacious administrative construction used in invalid reasoning and arising to absurd"), and makes no difference if Donskoy failed to achieve extraordinary ability, see 8 U.S.C. § 1153(b)(1)(A) (requiring extraordinary ability, that the alien seeks to enter the United States to continue to work in the area of extraordinary ability, and that the alien's entry "will substantially benefit prospectively the United States"). Moreover, nothing prevented Donskoy from making the same arguments that he is making now in his earlier case. The two cases involve the same interests, evidence, and right, and—most important—the same transactional nucleus of facts. See GP Vincent II v. Estate of Beard, 68 F.4th 508, 515 (9th Cir. 2023).

Second, the Court's grant of summary judgment in favor of USCIS in the earlier case, along with its dismissal with prejudice of that case, was a final judgment for the purposes of res judicata. See Bullard v. Blue Hills Bank, 575 U.S. 496, 506 (2015) (order granting summary judgment is final); Stewart, 297 F.3d at 956 (dismissal with prejudice is final).

Third, there is identity between the parties. Donskoy is the plaintiff in this case and the earlier case, and USCIS is the defendant in this case and the earlier case. Compare Compl. with Exhibits to MTD Ex. 1.

Accordingly, claim preclusion bars the current case.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss pursuant to Rule 12(b)(6). The Court further concludes that amendment would be futile. See Leadsinger, 512 F.3d at 532.

**IT IS SO ORDERED.**

Dated: April 29, 2025

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California